UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA DOLORES HERNANDEZ, | ) | CASE NO. ED CV 13-01385 BRO (RZ) |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING FURTHER |
| vs. | ) | PROCEEDINGS |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**READ THIS ORDER CAREFULLY**

**IT DIFFERS IN SOME RESPECTS FROM SIMILAR ORDERS
BY OTHER JUDICIAL OFFICERS**

(Revised February 15, 2013)

**Mandatory chambers paper copies of any e-filed documents shall be
delivered to the Court Clerk located in Room 181-L at the Roybal Terrace Clerk's
Office, within 24 hours after e-filing.**

In order to facilitate the just, speedy, and inexpensive determination of this
action, **IT IS ORDERED** that:

///

///

1.     Plaintiff shall promptly serve the Summons and Complaint on Defendant in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, and file an appropriate Proof of Service.

2.     Experience indicates that, due to the large volume of social security benefit cases subject to judicial review, Defendant usually, and with good cause, applies for an extension of time within which to plead in response to the Complaint.  In order to eliminate the burden on the parties and the Court of such an application, Defendant's time to plead in response to the Complaint is extended such that Defendant's responsive pleading shall be filed within one hundred and twenty (120) days of service of the Complaint (that is, a sixty (60) day extension of time beyond the period prescribed by statute).  In accordance with 42 U.S.C. § 405(g), Defendant shall file and serve on Plaintiff a complete copy of the administrative record at the time Defendant pleads in response to the Complaint.

3.     No discovery or other pre-trial proceedings shall be conducted except pursuant to written stipulation of the parties or as ordered by the Court.

4.     The decision in this matter will be made on the basis of the pleadings and the administrative record (unless a motion is made for remand on the basis of new evidence).  Therefore, after the filing of Defendant's answer and the administrative record, and the memoranda discussed below, the Court on its own motion will determine, in accordance with FED. R. CIV. P. 12(c), which party is entitled to judgment, applying the standards set forth in 42 U.S.C. § 405(g).

5.     Within thirty (30) days after service of Defendant's responsive pleading and a copy of the administrative record, Plaintiff shall serve and file a document entitled Memorandum in Support of Plaintiff's Complaint.  In such memorandum:

(a)     Plaintiff shall identify specifically any legal error which he or she contends justifies relief.  Plaintiff shall <u>not</u> merely recite what the medical records disclose.  Rather each error should be identified and then the memorandum shall discuss the evidence

and legal authorities which justify relief as to that particular error.  The process shall be repeated for each error which Plaintiff identifies.

(b)    When discussing the evidence concerning an alleged error, Plaintiff shall support all factual statements with a citation to a specific page within the administrative record.  Failure to cite to the record in support of a factual statement may lead to a rejection of the claim or defense.  *Cf. Han v. Stanford University*, 210 F.3d 1038 (9th Cir. 2000); *N/S Corporation v. Liberty Mutual Insurance Co.*, 127 F.3d 1145 (9th Cir. 1997); 9th Cir. Rule 28-2.8.  The Court will not search through the Administrative Record, or through other portions of Plaintiff's Memorandum, in an effort to locate supporting evidence.  All citations to cases must identify both the first page of the case and the specific pages relied upon.  The memorandum should cite only controlling case authority (that is, decisions of the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit), unless there is no controlling case authority, in which event the decisions of other courts may be cited.

(c)    Plaintiff shall not attach as an exhibit any materials already available to the Court.  This prohibition is not intended to prevent Plaintiff from seeking remand for consideration of new evidence not previously reviewed by Defendant, or from presenting such evidence to the Court.

6.    Within thirty (30) days after service of Plaintiff's Memorandum in Support of Plaintiff's Complaint, Defendant shall serve a document entitled Memorandum in Support of Defendant's Answer.  That memorandum shall respond to the specific arguments made in Plaintiff's Memorandum.  For example, if Plaintiff does not argue that substantial evidence is lacking, then Defendant's Memorandum should not include a discussion of how substantial evidence supports the decision.  Defendant's Memorandum, like Plaintiff's, shall include specific citations to the record for each factual statement.  The provisions of Paragraph 5(b) of this Order shall apply equally to Defendant.

7.    Within thirty (30) days after service of Defendant's Memorandum, Plaintiff shall file and serve any reply.

8.      No papers filed shall exceed twenty-five (25) pages in length, exclusive of the table of contents and the table of authorities.

9.      **PLEASE READ THIS PARAGRAPH CAREFULLY.**  The Court expects that counsel will prepare all legal papers as if counsel were addressing any other court where the court is not limited to adjudicating specialized cases.  Medical terminology shall be translated into lay language.  Injuries described in medical terms, whether they be in Latin or otherwise, shall be explained in simple and direct English.  *This requirement is not met by providing a dictionary definition which describes a medical term by using other medical terms.*  If tests performed are relevant to the Court's decision, the nature of the test and its results shall be described in such a way that a lay individual could understand the description.  For example, a party should not say that a particular test was "positive" without describing what the test measures and what a positive response means.  Records that are difficult to read should be made readable.  These are examples only.  Counsel shall endeavor to make their presentations persuasive, readable briefs.  **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY CAUSE THE COURT TO REJECT A PARTY'S MEMORANDUM.**

10.     If either party believes that this case cannot be resolved in the manner set forth in this order, such party shall promptly notify the Court and the opposing party in writing so that a Status Conference may be set by the Court.

11.     The Court will rule on the basis of the memoranda in support of the Complaint and Answer, and any reply, which are timely filed, unless the Court, on its own motion or the motion of a party, enters an order setting a hearing date.  If a motion to dismiss, an application for attorney's fees, or any other motion which does not address the merits is made, the parties must comply with Local Rule 6 and Local Rule 7, including the requirement of Local Rule 7-3.  The exemption for Social Security cases, found in Local Rule 7-3, shall not apply in this case.

12.     Any application by Plaintiff's counsel for attorney's fees must be served on Plaintiff as well as defense counsel.

- 4 -

13.     The Clerk shall serve a copy of this order on Plaintiff and the United States Attorney for the Central District of California.

DATED:   August 12, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE