O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CLARENCE HOLZENDORF,                )        CASE NO. CV 12-07139 RZ
                                    )
                    Plaintiff,      )
                                    )        MEMORANDUM OPINION
          vs.                       )        AND JUDGMENT
                                    )
CAROLYN W. COLVIN,                  )
Acting Commissioner of Social Security, )
                                    )
                    Defendant.      )
_____)

Plaintiff Clarence Holzendorf claims that the Social Security Commissioner wrongly denied disability benefits based on an Administrative Law Judge's (ALJ's) improper failure to credit Plaintiff's testimony about his hip pain. The Court disagrees.

Plaintiff complained that he was unable to work due to pain in his left hip. The ALJ agreed, based on his review of the evidence, that Plaintiff's medically determinable impairment reasonably could be expected to cause pain. But he next found that Plaintiff's subjective account of the "intensity, persistence and limiting effects of" the hip pain were not credible. *See* Administrative Record (AR) 25. Having largely discounted Plaintiff's degree-of-pain account, the ALJ found Plaintiff capable of performing a full range of medium work. Plaintiff argues that the ALJ erred in discrediting Plaintiff's subjective testimony, accusing him of using "boilerplate" that does not explain the evidentiary basis for the discrediting. Pl.'s Br. at 6-7.

An ALJ may consider whether the objective medical evidence supports the degree of limitation alleged by a claimant, but it is only one factor; it "cannot form the sole basis for discounting [subjective] testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, as the ALJ noted, the consultative examiner observed that Plaintiff sat comfortably during the examination; rose from a seated position with no difficulty; walked without difficulty with a normal gait and without assistive devices; was able to walk on tiptoes and heels with no evidence of weakness; and neither used any assistive device in walking nor needed any help getting onto or off of the examination table. AR 180 (cited at AR 26). Although the consultative examiner recorded Plaintiff's report of tenderness in the left hip, Plaintiff's strength and range of motion were entirely normal, and the hip area had no swelling or discoloration. AR 181 (cited at AR 26). The examiner concluded that Plaintiff could work with few limitations, AR 183-84, and two state agency doctors agreed. AR 188-90, 193, 196. A December 2009 x-ray showed only minor degeneration, AR 183, and another x-ray in October 2010 was entirely normal. AR 214. No physician has concluded that Plaintiff was able to perform any lesser range of work than the range found by the ALJ. AR 25. Substantial evidence thus plainly supports the ALJ's finding that the objective findings did not support Plaintiff's subjective complaints about the degree of his pain. As *Burch* explained, however, another factor is required, also supported by substantial evidence. In this case, the records supports two additional factors noted by the ALJ.

The first is Plaintiff's notably conservative course of care. AR 26; *see Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Plaintiff has sought very little treatment, and what he did seek was minimal and routine. *See* AR 203-10, 214. At a "routine physical exam" in October 2010 – as opposed to an exam conducted to address complaints of hip or other pain – Plaintiff told his doctor that he "takes vicodin now and then" for his hip pain. His prescriptions include no painkillers other than vicodin, and the treatment notes do not reflect Plaintiff's request for stronger pain medication. *See id.* Plaintiff reported to the ALJ that he (Plaintiff) uses a cane, but he neither showed any need for one

1  during the consultative exam, as noted above, nor received or even sought a prescription
2  for one.

3        The second additional factor supporting the ALJ's credibility finding is
4  twofold.  Plaintiff not only performed gainful work during the period when he claimed to
5  have been disabled by his hip pain, but he also gave suspiciously conflicting accounts
6  about how that work ended.  *See* AR 27, 34.  Plaintiff worked as a phlebotomist for Kaiser
7  Permanente for three weeks in 2011, well after the date on which he claimed to have been
8  disabled.  On the one hand, he said that he had to stop working due to his hip pain.  On the
9  other hand, he admitted in testimony that Kaiser fired him for theft.  AR 27, 42.  Plaintiff's
10 performance of gainful work and his lack of candor about the reasons for his cessation
11 properly provide support for the ALJ's credibility finding.  *See Tommasetti v. Astrue*, 533
12 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may use ordinary techniques in assessing claimant's
13 credibility, such as lack of candor about pertinent facts); *Greger v. Barnhart*, 464 F.3d 968,
14 972 (9th Cir. 2006) (reasonable to find claimant less than candid, and to discount
15 credibility, where he admitted doing carpentry work "under the table" after date last
16 insured).

17       In sum, the underlying opinion was free of legal error and supported by
18 substantial evidence.  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  Contrary
19 to Plaintiff's argument, the ALJ's critical credibility finding was not supported solely by
20 the lack of objective medical evidence supporting Plaintiff's degree-of-pain account.  On
21 the contrary, that finding was also supported by Plaintiff's relatively conservative course
22 of care and his less than candid account about working (and why he stopped working) well
23 after he claimed to have been disabled.  In accordance with the foregoing, the decision of
24 the Commissioner is affirmed.

25       DATED:   August 13, 2013

26
27                  RALPH ZAREFSKY
                UNITED STATES MAGISTRATE JUDGE
28